O’NIELL, Chief Justice.
 

 This is a proceeding by certiorari and mandamus to compel the judge of the district court to grant a writ of injunction, to prevent the sale of certain property belonging to the Succession of Jules Reine and his wife, Emilie Chauff Reine, deceased,, to pay the debts of the succession.
 

 The property of the succession consists. of a plantation and another tract of land, both inventoried at $25,235, and' movable-property inventoried at $7,292.11 and consisting of the agricultural implements and work animals, constituting the equipment of the plantation, and being therefore immovable by destination. The total value-of the property of the succession is $32,-527.11. The debts of the succession amount to $10,289.10. On the petition of the administratrix the judge ordered all of thd.
 
 *282
 
 property sold to pay the debts of the succession. The plaintiffs in this case, who are some of the heirs of the deceased, corpplained in their petition for an injunction that the court should not have ordered all of the property sold to pay the debts of the succession, but should order the sale of only the movable property, consisting’ mainly of the work animals and agricultural implements belonging to the plantation, together with only a sufficient part of the plantation itself to pay the debts of the succession. After the trial of a rule to show cause why a preliminary injunction should not issue to prevent the sale of any other property than the agricultural implements, work animals and other equipment of the plantation, together with a part of the plantation itself sufficient to pay the debts, the judge concluded that the property could not be sold in that way without diminution of the value of the plantation, equipped as such. Hence he declined to issue the injunction.
 

 The figures on the inventory show that, if the judge had ordered a sale only of the movable property, consisting mainly of the work animals and agricultural implements and other equipment on the plantation, the proceeds would not have been enough to pay the debts, and hence it would have been necessary to sell a part of the land itself. It is possible that a sale of the plantation and its equipment of work animals and agricultural implements would have brought a sufficient price to pay the debts without the necessity of selling the tract of land which does not form a part of the plantation. But the plaintiffs in their petition for an injunction did not demand that the judge should order a sale only of the plantation and its equipment and should refuse to order the sale of the tract which the plaintiffs refer to as being not a part of the plantation. The demand of the plaintiffs — and their entire argument —is that the judge should have ordered a sale only of the movable effects, consisting mainly of the work animals and agricultural implements on the plantation, and sell only a sufficient part of the plantation to realize a sum sufficient to pay the $10,289.10 of debts.
 

 Articles 1165 and 1166 of the Civil Code provide that, if the amount of the debts of a succession indicates that it is necessary to sell either all or a part of the immovable property of the succession the succession representative shall petition the judge for an order for the sale of the immovable property or of so much thereof as may be necessary to pay the debts. But there is nothing in these articles which deprives the judge of his discretion in the matter if the immovable property of the succession consists of a plantation and its equipment, and if, therefore, a dismantling of the plantation would entail a loss to the succession. In such a case the judge must exercise some discretion in determining whether he shall sell the plantation as it is or shall dismantle it; and in this case it does not appear that the judge abused his discretion.
 

 
 *283
 
 The petition of the relators for a writ of mandamus is denied and this proceeding is dismissed at their cost.